Jason M. Erlich, Esq., Cal. Bar #203661
Email: jason@erlichlaw.com
THE ERLICH LAW FIRM
150 Post Street, Suite 742
San Francisco, CA 94108
Tel: (415) 296-8420
Fax: (415) 296-8552

Attorneys for Plaintiff Michael Villalobos

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL A. VILLALOBOS,

Plaintiff,

vs.

TOM VILSACK, Secretary, U.S. Department of Agriculture,

Defendant.

Case No. CV 12-00138-MEJ

**PLAINTIFF MICHAEL VILLALOBOS'S FIRST AMENDED COMPLAINT**

(1) DISABILITY DISCRIMINATION AND/OR REGARDED AS DISABLED IN VIOLATION OF THE REHABILITATION ACT (29 U.S.C. §701)
(2) RETALIATION IN VIOLATION OF THE REHABILITATION ACT
(3) RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
(4) NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII
(5) RETALIATION IN VIOLATION OF TITLE VII
(6) FAILURE TO GRANT FAMILY CARE AND MEDICAL LEAVE IN VIOLATION OF FMLA
(7) FAILURE TO REINSTATE IN VIOLATION OF FMLA
(8) RETALIATION IN VIOLATION OF FMLA

JURY TRIAL DEMANDED

Plaintiff Michael A. Villalobos amends his complaint against Defendant Tom Vilsak, in his official capacity as Secretary of the U.S. Department of Agriculture, demands a trial by jury of all issues, and for causes of action alleges:

## PARTIES

1. Plaintiff Michael A. Villalobos (hereafter "Plaintiff" or "Villalobos") is a United States citizen and resides in the State of California.

2. Defendant Tom Vilsack is the Secretary of the United States Department of

THE ERLICH LAW FIRM
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

THE ERLICH LAW FIRM
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

Agriculture, an agency of the United States government (hereafter "USDA").

## JURISDICTION

3. Plaintiff brings this action under the Rehabilitation Act of 1973, 29 U.S.C. §701 (the "Rehabilitation Act"); Title VII of the Civil Rights Act of 1965, 42 U.S.C. § 2000e-2 ("Title VII"); and the Family and Medical Leave Act, 29 U.S.C. § 2601 (hereafter "FMLA").

4. This Court has original jurisdiction pursuant to 28 U.S.C. §1331 over civil actions arising under the Constitution, laws or treaties of the United States.

5. This Court further has jurisdiction pursuant to 28 U.S.C. §§ 1343(3) and (4), which give district court's jurisdiction over actions to secure civil rights extended by the United States government.

## EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

6. On or about July 16, 2010, Villalobos received notice from Forest Supervisor, Peggy Hernandez ("Hernandez"), that he had been terminated from his position as a probationary career-conditional Forestry Technician from the Los Padres National Forest. (*See* Exhibit A attached hereto and incorporated as if fully set forth herein)

7. In or around the final week of July 2010, Villalobos made two phone calls to Hernandez, the person who issued the termination letter, to complain about the reasons for his termination. Villalobos was only able to speak with Hernandez's assistant, who informed Villalobos that he would not be allowed to ever speak with Hernandez. Villalobos never received a return phone call from Hernandez.

8. Within a matter of days, i.e. late July or early August 2010, Villalobos placed three separate phone calls to his immediate supervisor, Erik Van Walden ("Van Walden") in order to discuss the basis for the termination notice and to complain that the termination was, in Villalobos's opinion, discriminatory. Villalobos never received a return phone call from Van Walden.

9. The termination notice issued by Hernandez to Villalobos included misleading (and contradictory) information as to the steps Villalobos could take to appeal the USDA's termination decision. The notice stated that Villalobos could appeal the termination decision to the Merit Services Protection Board ("MSPB") or he could file an EEO discrimination complaint with the

THE ERLICH LAW FIRM
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

USDA's internal EEO officer. (*See* Ex. A at pp. 3-4.) However, unbeknownst to Villalobos, the USDA's statement of alternate remedies (MSPB or internal EEO processes) was in fact misleading as Villalobos had no right – as a probationary employee – to appeal his termination decision to the MSPB, as further discussed below.

10. On or about August 13, 2010, Villalobos initiated a claim with the MSPB. On or about December 9, 2010, the MSPB dismissed Villalobos's claim solely on jurisdictional grounds asserting that Villalobos was not an "employee," as defined in 5 U.S.C. § 7511(a), because of his probationary assignment. (*See* Exhibit B, Initial Decision, *Villalobos v. Dept. of Agriculture*, Docket # SF-315H-10-0919-I-1 (December 9, 2010) attached hereto and incorporated as if fully set forth herein.). Since Villalobos was not an "employee" and not subject the MSPB's jurisdiction, the Administrative Judge never reached the merits of Villalobos's claim. (*See* Ex. B. at 6.)

11. On or about November 3, 2010, Villalobos contacted the EEO office within the USDA/Forestry Service and was assigned an EEO counselor, Joel Benavidez. (*See* Ex. C, December 3, 2010 letter.) Although Villalobos raised multiple issues with Benavidez, including what he felt was race discrimination, disability discrimination, and discrimination because of taking leave to care for his daughter, Benavidez never opened a formal EEO investigation. Benavidez simply informed Villalobos that he had to speak to his superiors.

12. After Villalobos heard nothing from his assigned EEO counselor or the USDA's EEO office for several weeks, he again contacted Benavidez, who then issued the December 3, 2010 letter (Ex. C) indicating that Villalobos had to file a formal charge to begin the EEO process. Villalobos promptly filed a formal complaint on or about December 14, 2010.

13. The USDA issued a final decision on or about March 21, 2011 dismissing Villalobos complaint of discrimination stating that his charge was untimely filed. (*See* Ex. D, Final Agency Decision, *Villalobos v. Vilsak, Secretary, Dept. of Agriculture,* USDA Complaint No. FS-2011-00092 (March 21, 2011) attached hereto and incorporated as if fully set forth herein.)

14. Villalobos timely appealed the USDA's decision to the Equal Employment Opportunity Commission ("EEOC"). On or about October 3, 2011, the EEOC affirmed the USDA's decision dismissing Villalobos' complaint solely on the basis of "untimely" contact with an EEO

Counselor. (*See* Exhibit E, EEOC Decision, *Villalobos v. Vilsak, Secretary, Dept. of Agriculture*, Appeal No. 0120112620 (October 3, 2011) attached hereto and incorporated as if fully set forth herein.)

15. Pursuant to the EEOC's dismissal, within 90 days of service of the dismissal, Villalobos timely filed a complaint in this Court on January 6, 2012.

## FACTUAL ALLEGATIONS

16. Villalobos first began his employment with the U.S. Forest Service in June 2002 as a seasonal employee within the Los Padres National Forest. Although a seasonal employee, Villalobos's assignment was renewed each year because of his outstanding performance.

17. In his 2005 performance review, Villalobos was given the highest ranking including comments by his supervisor that he was a "self-starter;" "knows what needs to be done . . . and goes out and accomplishes it;" and "gets along well with co-workers. Always willing to help out."

18. In July 2009, Villalobos was appointed as a probationary career-conditional Forestry Technician in the El Dorado National Forest. In January 2010, Villalobos requested and was granted a hardship transfer back to the Los Padres National Forest. Villalobos requested the transfer in order to provide care for his teenage daughter's serious health condition. During this time, Villalobos often took intermittent time off work to take his daughter to medical appointments and to assist in her care. Although never informed of his rights under the Family Medical Leave Act ("FMLA") to take job-protected leave, Villalobos used a combination of sick leave, annual leave, and vacation time to care for his daughter.

19. In late March 2010, Villalobos was reassigned to the Santa Maria detail under the temporary supervision of Ken Kunert. Immediately after his assignment, Kunert began to treat Villalobos differently than other similarly situated employees, including belittling Villalobos's work performance, following Villalobos around to monitor his work, and expressing frustration when Villalobos took time off to care for his daughter.

20. In late April 2010, Villalobos strained his neck while lifting five-gallon jugs of water out of a truck and was diagnosed with C-T strain and cervical muscle spasm. Villalobos was able to

THE ERLICH LAW FIRM
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

THE ERLICH LAW FIRM
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

return to work on modified duty from April 30 to June 9, 2010. Over this time period, Villalobos medical condition improved and he was eventually released to full duty by June 9, 2010. Because of his medical disability, Villalobos was provided a light duty assignment working in the Santa Maria office.

21. On or about May 22, 2010, Villalobos complained to Kunert about what he felt was discrimination because of his Mexican nationality and ancestry; discrimination because of his own medical issues and disability which did not allow Villalobos to perform his normal job duties; that Kunert was treating him differently because of light duty assignment (and his inability to perform his normal duties as a Forestry Technician); and because of having taken time off to care for his daughter's serious health condition. In a document prepared during the meeting, Kunert laughed at Villalobos's complaints and wrote in large block letters "MEXICAN," gave a copy to Villalobos, but stated that it was not a write up or disciplinary notice.

22. In early June 2010, Villalobos complained to several other Forest Service employees about what he felt was discriminatory conduct by his immediate supervisor, Ken Kunert. The persons complained to include Theresa Krellie, Human Resources representative; Kathleen Phelps, Santa Maria District Ranger; and Lloyd McWilliams, OHV Manager in Santa Maria.

23. Villalobos took a medical leave of absence beginning on or about June 10, 2010 to treat his own serious health condition.

24. While on medical leave, Villalobos was terminated for alleged "use of discourteous language toward employees" as set forth in a memo letter dated July 13, 2010 (*See* Exhibit A.). Villalobos did not learn of his termination until July 16 2010 when he received a termination letter in the mail.

## First Cause of Action
### DISABILITY DISCRIMINATION AND/OR REGARDED AS DISABLED IN VIOLATION OF THE REHABILITATION ACT (29 U.S.C. §701 ET SEQ.)

As a first, separate and distinct cause of action, plaintiff complains against defendant Tom Vilsak and for a cause of action alleges:

25. Plaintiff re-alleges and incorporates into this Cause of Action each and every

allegation set forth in paragraphs 1 through 24 as though fully set forth in this cause of action.

26. The Rehabilitation Act, 29 U.S.C. § 701 et seq., prohibits any agency of the Executive branch from discriminating against an employee in compensation, or in the terms, conditions, or privileges of employment because of the employee's physical disability or perception that an employee is physically disabled.

27. Plaintiff is and was an "individual with a disability" which includes persons who (a) have a physical or mental impairment which substantially limits one or more of the person's major life activities; (b) has a record of such an impairment; or (c) is regarded as having such an impairment as defined in 29 U.S.C. § 705(20) and 42 U.S.C. § 12102.

28. A person is "regarded" as having a disability where the individual is subjected to a prohibited employment practice because of "an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."

29. Villalobos was a disabled individual fully qualified and competent to perform the essential duties to which he was assigned, prior to his disabling condition was performing those job duties, and was fully capable and competent to perform the essential functions of the job had he been reinstated with a reasonable accommodation.

30. Plaintiff is informed and believes, and thereon alleges, that from the time of plaintiff's serious injury, in April, 2010, and until his termination, defendant regarded plaintiff as being a "disabled" individual as defined in 29 U.S.C. § 705.

31. Defendant, through its acts and omissions, knowingly and intentionally discriminated against Villalobos because of his physical disability or that it regarded him as disabled, in violation of the Rehabilitation Act, by engaging in the course of conduct more fully set forth in the preceding paragraphs of this complaint. This course of conduct included, but was not limited to: refusing to provide reasonable accommodation for Villalobos's physical disability even though defendant was aware that his disability only precluded him from driving and certain strenuous physical activities; refusing to let him resume his former position as Forestry Technician, the duties of which he was able to perform; refusing to engage in any form of interactive process to determine if there was any reasonable accommodation that could be made for his physical disability; and ultimately terminating

THE ERLICH LAW FIRM
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

THE ERLICH LAW FIRM
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

his employment, all because of Villalobos's physical disability.

32. As a direct and proximate cause of the unlawful discrimination by defendant, Villalobos suffered damages proximately caused by defendant's wrongful acts as stated in the section below entitled "DAMAGES" which is incorporated here to the extent pertinent as if set forth here in full.

**Second Cause of Action**
**RETALIATION IN VIOLATION OF THE REHABILITATION ACT**
**(29 U.S.C. § 794, 29 CFR § 1630.12)**

As a second, separate and distinct cause of action, plaintiff complains against defendant Tom Vilsak and for a cause of action alleges:

33. Plaintiff re-alleges and incorporates into this Cause of Action each and every allegation set forth in paragraphs 1 through 32 as though fully set forth in this cause of action.

34. Under the Rehabilitation Act, 29 U.S.C. §794 and 29 C.F.R. §1630.12, a federal employer is prohibited from retaliating against an employee because he has opposed an unlawful employment practice or "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing."

35. Villalobos opposed what he felt were his supervisor's unlawful employment practices in treating him differently than other similarly situated non-disabled employees and confronting his supervisor about this disparate treatment.

36. Following Villalobos' complaints to his immediate supervisor and to other supervisors in his department, Kunert and others retaliated against Villalobos by taking the following actions: (a) failing to conduct any objective investigation into Villalobos's complaints of discrimination; (b) threatening to terminate Villalobos's employment if he persisted in his complaints; and (c) ultimately terminating Villalobos's employment.

37. As a direct and proximate cause of the unlawful discrimination by defendant, Villalobos suffered damages proximately caused by defendant's wrongful acts as stated in the section below entitled "DAMAGES" which is incorporated here to the extent pertinent as if set forth here in full.

THE ERLICH LAW FIRM
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

**Third Cause of Action**
**EMPLOYMENT DISCRIMINATION (RACE)**
**IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**(42 U.S.C. § 2000e-2)**

As a third, separate and distinct cause of action, plaintiff complains against defendant Tom Vilsak and for a cause of action alleges:

38. Plaintiff re-alleges and incorporates into this Cause of Action each and every allegation set forth in paragraphs 1 through 37 as though fully set forth in this cause of action.

39. Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e-2, prohibits an employer from discriminating against an employee because of that employee's race. Moreover, an employee may not be discharged or otherwise discriminated against for filing a complaint or reasonably based charges of discrimination.

40. Defendant, through its acts and omissions, knowingly and intentionally discriminated against Villalobos because of his race (Hispanic), in violation of Title VII, by engaging in the course of conduct more fully set forth in the preceding paragraphs of this complaint. This course of conduct included, but was not limited to terminating his employment because of his race and in retaliation for his initiating a complaint of employment discrimination to his management and to his Human Resources department.

41. Defendant's unlawful practices as outlined herein were in direct contravention of Title VII, as more fully set forth in the preceding paragraphs of this complaint.

42. As a direct and proximate cause of the unlawful discrimination by defendant, Villalobos suffered damages proximately caused by defendant's wrongful acts as stated in the section below entitled "DAMAGES" which is incorporated here to the extent pertinent as if set forth here in full.

**Fourth Cause of Action**
**EMPLOYMENT DISCRIMINATION (NATIONAL ORIGIN)**
**IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**(42 U.S.C. § 2000e-2)**

As a fourth, separate and distinct cause of action, plaintiff complains against defendant Tom

Vilsak and for a cause of action alleges:

43. Plaintiff re-alleges and incorporates into this Cause of Action each and every allegation set forth in paragraphs 1 through 42 as though fully set forth in this cause of action.

44. Under Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e-2, an employer is prohibited from discriminating against an employee based on national origin. Moreover, an employee may not be discharged or otherwise discriminated against for filing a complaint or reasonably based charges of discrimination.

45. Defendant wrongfully and unlawfully imposed adverse employment actions upon plaintiff, including but not limited to termination, based on his national origin (Mexican) and in retaliation for his initiating a complaint of employment discrimination to his management and to his Human Resources department.

46. Defendant's unlawful practices as outlined herein were in direct contravention of Title VII, as more fully set forth in the preceding paragraphs of this complaint.

47. As a direct and proximate cause of the unlawful discrimination by defendant, Villalobos suffered damages proximately caused by defendant's wrongful acts as stated in the section below entitled "DAMAGES" which is incorporated here to the extent pertinent as if set forth here in full.

**Fifth Cause of Action**
**RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
**(42 U.S.C. § 2000e-3)**

As a fifth, separate and distinct cause of action, plaintiff complains against defendant Tom Vilsak and for a cause of action alleges:

48. Plaintiff re-alleges and incorporates into this Cause of Action each and every allegation set forth in paragraphs 1 through 47 as though fully set forth in this cause of action.

49. Under Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e-3, an employer is prohibited from retaliating against an employee because he has opposed and unlawful employment practice or "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing."

THE ERLICH LAW FIRM
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

THE ERLICH LAW FIRM
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

50. Villalobos opposed what he felt were his supervisor's unlawful employment practices in treating him differently than other similarly situated employees (based on his race and/or national origin as a Mexican-American) and confronting his supervisor about this disparate treatment.

51. Following Villalobos' complaints to his immediate supervisor and to other supervisors in his department, Kunert and others retaliated against Villalobos by taking the following actions: (a) failing to conduct any objective investigation into Villalobos's complaints of discrimination; (b) threatening to terminate Villalobos's employment if he persisted in his complaints; and (c) ultimately terminating Villalobos's employment.

52. As a direct and proximate cause of the unlawful discrimination by defendant, Villalobos suffered damages proximately caused by defendant's wrongful acts as stated in the section below entitled "DAMAGES" which is incorporated here to the extent pertinent as if set forth here in full.

**Sixth Cause of Action**
**FAILURE TO PROVIDE FAMILY AND MEDICAL LEAVE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**
**(29 U.S.C. § 2601 ET SEQ.)**

As a sixth, separate and distinct cause of action, plaintiff complains against defendant Tom Vilsak and for a cause of action alleges:

53. Plaintiff re-alleges and incorporates into this Cause of Action each and every allegation set forth in paragraphs 1 through 52 as though fully set forth in this cause of action.

54. The Family and Medical Leave Act at 29 U.S.C. § 2615 makes it an unlawful employment practice for an employer to refuse to allow an eligible employee to take up to 12 weeks of family care and medical leave.

55. At all times relevant herein, Villalobos was entitled to take up to 12 weeks of family care and medical leave in any 12 month period, having more than 12 months of service with defendant and more than 1,250 hours of service in the 12 month period preceding the need for family care and medical leave, as required by 29 U.S.C. § 2611.

56. Villalobos required family care and medical leave, as more fully set forth in the preceding paragraphs of this complaint, for his own serious health condition or for the serious health

THE ERLICH LAW FIRM
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

condition of his child. Villalobos provided defendant with the appropriate notice necessary to invoke his rights and to request protected medical leave. Defendant however, failed to provide Villalobos with leave to which he was entitled under FMLA by terminating his employment while he was out on leave.

57. As a direct and proximate cause of the unlawful employment practices as stated in this cause of action by the defendant, Villalobos suffered damages by defendant's wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

**Seventh Cause of Action**
**FAILURE TO REINSTATE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**
**(29 U.S.C. § 2601 ET SEQ.)**

As a seventh, separate and distinct cause of action, plaintiff complains against defendant Tom Vilsak and for a cause of action alleges:

58. Plaintiff re-alleges and incorporates into this Cause of Action each and every allegation set forth in paragraphs 1 through 57 as though fully set forth in this cause of action.

59. The Family and Medical Leave Act at 29 U.S.C. § 2615 makes it an unlawful employment practice for an employer to refuse to reinstate an employee or to refuse to guarantee the employee "to be restored by the employer to the position of employment held by the employee when the leave commenced; or to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment" as provided in 29 U.S.C. § 2614.

60. At all times relevant herein, Villalobos was entitled to take up to 12 weeks of family care and medical leave in any 12 month period, having more than 12 months of service with defendant and more than 1,250 hours of service in the 12 month period preceding the need for family care and medical leave, as required by 26 U.S.C. § 2611.

61. Villalobos required family care and medical leave, as more fully set forth in the preceding paragraphs of this complaint, for his own serious health condition or for the serious health condition of his child. Villalobos provided defendant with the appropriate notice necessary to invoke

THE ERLICH LAW FIRM
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

his rights and to request protected medical leave. Defendants failed to reinstate Villalobos to the same or equivalent position to which he was entitled under FMLA by terminating his employment while he was out on leave.

62. Villalobos is informed and believes and on that basis alleges that the purported reason for his termination, as set forth in the preceding paragraphs of this complaint, was pretextual and a subterfuge to cover up defendant's true intent to discriminate, retaliate against, or terminate Villalobos, or all of these for invoking his rights protected by FMLA and in violation of FMLA.

63. As a direct and proximate cause of the unlawful employment practices as stated in this cause of action by defendant, Villalobos suffered damages by defendant's wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

**Eighth Cause of Action**
**RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**
**(29 U.S.C. § 2601 ET SEQ.)**

As an eighth, separate and distinct cause of action, plaintiff complains against defendant Tom Vilsak and for a cause of action alleges:

64. Plaintiff re-alleges and incorporates into this Cause of Action each and every allegation set forth in paragraphs 1 through 63 as though fully set forth in this cause of action.

65. The Family and Medical Leave Act at 29 U.S.C. § 2615 makes it an unlawful employment practice for "any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any [medical leave] right" or because the employee opposed the unlawful employment practice.

66. At all times relevant herein, Villalobos was entitled to take up to 12 weeks of family care and medical leave in any 12 month period, having more than 12 months of service with defendant and more than 1,250 hours of service in the 12 month period preceding the need for family care and medical leave, as required by 26 U.S.C. § 2611.

67. Villalobos required family care and medical leave, as more fully set forth in the preceding paragraphs of this complaint, for his own serious health condition or for the serious health

condition of his child. Villalobos provided defendant with the appropriate notice necessary to invoke his rights and to request protected medical leave.

68. Defendant retaliated against Villalobos by refusing to reinstate him to his employment position and by terminating him from his employment while out on leave for the alleged reasons set forth in the preceding paragraphs of this complaint. Villalobos alleges that the purported reason for his termination was pretextual and a subterfuge to cover up defendant's true intent to discriminate, retaliate or terminate Villalobos, or all of these in violation of the rights protected by FMLA.

69. As a direct and proximate cause of the unlawful employment practices as stated in this cause of action by defendant, Villalobos suffered damages by defendant's wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## DAMAGES

70. As a direct and proximate cause of defendant's unlawful acts as set forth in this Complaint, plaintiff has suffered and continues to suffer special damages including, but not limited to substantial losses in earnings, future earnings, deferred compensation, and other employment benefits. Plaintiff is entitled to receive compensatory damages from defendant and hereby requests an award of compensatory damages according to proof. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

71. As a direct and proximate cause of Defendants' unlawful acts as set forth in this Complaint, plaintiff has suffered and continues to suffer harm by loss of his employment position, loss of future income, loss of front pay, and loss of other future employment benefits. Plaintiff is entitled to injunctive relief including reinstatement to his former employment position and hereby requests the Court order the Defendant to reinstate plaintiff to his former position as Forestry Technician, in title, job duties and responsibilities, and with all benefits plaintiff previously received before his unlawful termination (or to order compensation in lieu thereof).

72. As a direct and proximate cause of Defendants' unlawful acts as set forth in this Complaint, plaintiff has suffered and continues to suffer general damages including the deprivation of

THE ERLICH LAW FIRM
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

THE ERLICH LAW FIRM
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

his right to full and equal employment opportunities, emotional distress, including but not limited to sleeplessness, recurring nightmares, anxiety, stress, depression, loss of interest in socializing and other normal activities, acute uncertainty about the future, fear, loss of confidence, diminished self-esteem, as well as financial hardship and insecurity, and other damages to be proven at the time of trial. Plaintiff is entitled to receive compensatory damages from Defendants and hereby requests an award of compensatory damages according to proof. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

73. Plaintiff is informed and believes and on that, basis alleges that defendant acted willfully, knowingly, and intentionally engaging in the pattern of conduct described herein. Plaintiff is informed and believes, and on that basis alleges that in doing the acts and in engaging in the conduct herein alleged, defendant acted in conscious disregard of the rights of plaintiff and engaged in despicable conduct which has subjected plaintiff to cruel and unjust hardship. Further, plaintiff is informed and believes and on that basis alleges that defendant in doing the acts and engaging in the conduct herein alleged acted with a willful and conscious disregard for the property or legal rights of Plaintiff. Because defendant has acted with such oppression, fraud and malice, plaintiff is entitled to exemplary or punitive damages, in an amount that will punish defendant for the conduct described herein and in an amount that will deter them and others from engaging in similar conduct in the future.

74. As a result of Defendants' wrongful and unlawful employment practices as set forth in the preceding paragraphs of this complaint, Plaintiff is entitled to receive an award of statutory attorneys' fees, expert witness fees, and costs under, 29 U.S.C. § 794a, 42 U.S.C. §§ 2000e-5 and 2000e-16, 29 U.S.C. § 2617, or any other appropriate statute or law which provides for attorneys' fees, and hereby requests recovery of his attorneys' fees and costs of suit in an amount according to proof.

## PRAYER

**Wherefore**, Plaintiff prays for judgment as follows:

1. For a money judgment representing compensatory damages including lost wages,

THE ERLICH LAW FIRM
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2. For injunctive relief including reinstatement to his former employment position with all rights, duties and responsibilities;

3. For attorneys' fees, expert witness fees, and costs of suit;

4. For prejudgment and post-judgment interest;

5. For an award of exemplary and punitive damages in an amount sufficient to punish defendant and deter future acts of unlawful conduct against other individuals, in an amount according to proof; and

6. For any other relief that is just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury of all issues, except for attorneys' fees.

Date: July 31, 2012

THE ERLICH LAW FIRM

/S/ *Jason M. Erlich*

By: Jason M. Erlich, Esq.
Attorney for Plaintiff Michael Villalobos

# Exhibit A



**United States Department of Agriculture** **Forest Service** **Los Padres National Forest** **6755 Hollister Ave. Suite 150 Goleta, CA 93117 805-968-6640 805-968-6790 TTY 805-961-5729 FAX**

**File Code:** 6170 **Date:** July 13, 2010
**Route To:**

**Subject:** Notice of Termination During Probation Period

**To:** Michael Villalobos, Forestry Technician, GS-462-05

You were appointed to a Career Conditional position as a Forestry Technician, GS-0462-05, effective July 19, 2009, and are currently serving a one year probationary period.

This letter is to inform you that you are being terminated from your appointment for **Use of discourteous language toward employees**

Charge 1: Use of discourteous language towards a person responsible for assigning you work

On May 22, 2010, Ken Kunert, Landscape Architect, met with you to review your work assignments and discuss concerns about your approach to working with others. During the discussion, you asked Ken Kunert, your detail supervisor, "How am I doing?" Ken replied, "Not so well; let's go over the elements of your standards and talk about it, so you can make this detail successful." At this point, you became confrontational and stated, "you have been out to get me; I never had a supervisor that was not happy with my work, and I do more than anyone around me." At that point, Ken indicated he wanted to review his expectations during the detail with you. You then stated, "you are too old, you don't have any idea or care that I am younger and my job is important for me. I have been doing this job for 8 years and you don't know what I should be doing. No other supervisor has asked me to do the things you have asked me to do *things you have asked*." Finally, you stated Ken was singling you out because you were Mexican.

On June 10, 2010, District Ranger Kathleen Phelps met with you to inform you your detail was ending as of June 11, 2010. In addition to the above interchange, another problem area noted during your detail was your inability to work with others. Your approach is defensive and confrontational. We identified and brought to your attention, you needed to develop skills working in collaboration with others.

Charge 2: Use of rude and confrontational language towards others

By memo dated July 2, 2010, Mt. Pinos District Ranger Erik Van Walden, who is your official duty station line officer, recommended I terminate your employment during the probationary period. Ranger Van Walden's statement indicated, shortly after you began work as a Mt. Pinos employee, two work leaders Ian Lauchlan and Susan Stevens-Bailey; Loreigh Brannan, an acting supervisor; and, another staff member Carol Lester; provided documentation of concerns they

Printed on Recycled Paper

had with you being rude, angry, confrontational, and unresponsive.  Some of the concerns reported by those employees are outlined below:

- Rude: On/about February 2, 2010, Carol Lester, Administrative Support Clerk sent an e-mail indicating you were quite pushy to the point of being rude and demanding.
- Angry: On/about February 11, 2010, Ian Lauchlan, Lead Forestry Technician indicated you got mad, when he simply reminded you again about using a Government vehicle to get lunch and the requirement to call into service when going into the field--you had been unaccounted for between 1230 and 1430.
- Confrontational:  On/about February 16, 2010, Susan Stevens-Bailey, Forestry Technician indicated you were instructed to complete incident reports, and you later informed Leia Ahler, Forestry Technician, you would not complete incident reports as instructed because they were stupid and don't go anywhere.
- Unresponsive:  On/about February 13, 2010, Ian Lauchlan reported he had instructed you to report at a certain location; you showed up three hours later and were not responsive to radio calls to locate your position.

Charge 3:  Lack of Candor

Mr. Van Walden's statement indicates, on/about April 6, 2010, you informed Judy Reynolds and Ken Kunert, responsible for assigning your work while on detail, that Ranger Van Walden had informed you that you would not have to pay rent for your trailer in Chuchupate Trailer Park, while on detail.  Ranger Van Walden's statement indicates he made it very clear to you before your detail began, you would be responsible for paying rent, while on the detail.

Ranger Van Walden's statement reflects you have demonstrated a pattern of casting blame on others instead of taking responsibility and you don't communicate well with others.  Your employment should be terminated during the probationary period.

Based on the above charges, your conduct fails to demonstrate a fitness for continued employment.  Therefore, effective close-of-business **July 16, 2010**, you will be terminated from employment with the USDA Forest Service.

Your leave balance will be withheld, until it has been verified all equipment issued has been returned.  The value of any lost or damaged equipment may be deducted from your leave payment.  Your FEGLI life insurance coverage from your Career Conditional position will terminate 31 days from the date of separation.  Information about converting your life insurance to an individual direct-pay policy is on the enclosed "Notice of Conversion Privilege" form (SF-2819).

You are not entitled to grieve this action under the Agency Administrative Grievance System or the Negotiated Grievance Procedure under the Master Labor Agreement between the Forest Service and the National Federation of Federal Employees.

As an employee serving a probationary period under a career conditional appointment, you may appeal this action alleging discrimination based on partisan political reasons (political

affiliation), or marital status to the Merit Systems Protection Board, or to pursue this matter as a formal discrimination (EEO) complaint following completion of informal procedures. Whichever procedure is filed first shall be considered an election to proceed in that forum to the exclusion of either of the options for initially pursuing an appeal of this action. Your rights to appeal or grieve are explained below:

As an employee serving a probation period under a career conditional appointment you may appeal this action alleging discrimination based on partisan political reasons (political affiliation), or marital status to the Merit Systems Protection Board (MSPB). You may submit an appeal no later than thirty (30) calendar days after the effective date of this action or thirty days after receipt of this letter, whichever is later. If you do not submit an appeal within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown. The judge will provide the party an opportunity to show why the appeal should not be dismissed as untimely. The requirements for your appeal are laid out in Title 5, Code of Federal Regulations (CFR), Section 1201.24. The time limit for filing an appeal may be extended by an additional 30 days (for a total of 60 days) when you and the Agency mutually agree in writing to attempt to resolve the dispute through an alternative dispute resolution. If you are interested in alternative dispute resolution, you should contact R5 Employee and Labor Relations Branch Chief Clinton D. Porter at (707) 562-8741.

You may be represented by an attorney, NFFE Representative, or other personal representative of your choosing, or you may represent yourself.

A copy of the Board's regulations is enclosed for your review and should be utilized for processing an appeal to the Board. Also, "United States Merit Systems Protection Board--Appeal Form" (MSPB Form 185) enclosed is, which you should use when initiating an appeal. Unless you are filing electronically, you must file two sets of your appeal with the Board. The address for submitting an appeal is:

Merit Systems Protection Board
San Francisco Regional Office
201 Mission, Suite 2310
San Francisco, California 94105-1831

The Agency point of contact for your appeal is:

USDA Forest Service
Pacific Southwest Region
Human Resources - ER
Attn: Virgil Todd Morrow
1323 Club Drive
Vallejo, CA 94592

E-Mail address: vmorrow@fs.fed.us

You may also go to http://www.mspb.gov/howtoappeal.html for information regarding filing an on-line appeal.

If you feel this action has been taken for a discriminatory reason (i.e., on the basis of your race, color, religion, sex, age, national origin, or handicapping condition, or reprisal for former EEO Activity), you may file a discrimination (EEO) complaint in accordance with the procedures laid out in 29 CFR Part 1614. If you decide to pursue the discrimination complaint option regarding this decision to remove you, you will need to contact your EEO counselor within 45 days of your receipt of this letter, to either amend a current complaint, or to initiate a new complaint. You may initiate or amend your complaint by contacting a counselor and calling 707-562-8653, or faxing your complaint to 707-562-8656. A counselor will be assigned to process your complaint through the informal stage. At the end of the informal processing, the counselor will advise you on procedures for pursuing your complaint formally. Additional information regarding the relationship of EEO complaints to the negotiated grievance procedure and the MSPB Appeal process can be found at 29 CFR 1614.301-302.

If you have any questions about the process regarding an appeal, you should contract R5 Labor Relations Specialist Virgil Todd Morrow at (707) 562-9152.

Please sign and date a copy of this letter where indicated below and return it to your supervisor. Your signature only acknowledges your receipt of this letter and does not indicate your agreement or disagreement with its contents.

Sincerely,

PEGGY HERNANDEZ
Forest Supervisor

Received by: ________________________________________
Michael Villalobos Date

Mailed priority mail and UPS-Next Day Air #1Z 9R8 8Y8 22 1000 318 7
To: Michael A. Villalobos
2885 S. Bradley Road
Santa Maria, CA 93455

# Exhibit B

**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**WESTERN REGIONAL OFFICE**

MICHAEL A. VILLALOBOS,
Appellant,

v.

DEPARTMENT OF AGRICULTURE,
Agency.

DOCKET NUMBER
SF-315H-10-0919-I-1

DATE: December 9, 2010

Abel Pizano, Santa Barbara, California, for the appellant.

Ronald R. Bratton, Albuquerque, New Mexico, for the agency.

**BEFORE**
Grace B. Carter
Administrative Judge

## INITIAL DECISION

## INTRODUCTION

On August 13, 2010, the appellant timely filed an appeal challenging the agency's action terminating him from the position of Forestry Technician effective July 16, 2010. Initial Appeal File (IAF), Tab 1. The appellant requested a hearing. IAF, Tab 1. On September 10, 2010, the agency filed a motion to dismiss the appeal for lack of Board jurisdiction. *Id.,* Tab 7. For the following reasons, the agency's motion to dismiss is GRANTED and the appeal is DISMISSED for lack of Board jurisdiction without a hearing.

**ANALYSIS AND FINDINGS**

Background

On July 19, 2009, the appellant received a career conditional appointment in the competitive service to the position of Forestry Technician, GS-05, in the Eldorado National Forest, Placerville Ranger District, U.S. Forest Service. *Id.,* Tab 4, Subtab 4f. The Standard Form (SF)-50 includes in the remarks section a statement that the appellant was subject to completion of a one-year initial probationary period. *Id.* On July 13, 2010, the agency issued a Notice of Termination During Probationary Period, advising the appellant that his appointment would be terminated on July 16, 2010. *Id.,* Tab 4, Subtab 4b. The notice identified the reasons for the termination as "use of discourteous language toward an individual responsible for assigning you work," "use of rude and confrontational language towards others," and "lack of candor." *Id.* The notice provided the appellant appeal rights to the Board if he is alleging the action was taken for partisan political reasons or marital status. *Id.*

In his appeal to the Board, the appellant challenges the allegations in the termination letter that he used discourteous language, was rude and confrontational or that he lacked candor in his dealings with his supervisors. *Id.,* Tab 1. He does not allege that his termination was based on his partisan political activities or his marital status. *Id.*

The Board's Acknowledgment Order advised the appellant of the limited appeal rights of probationary employees in the competitive service. *Id.,* Tab 2. When appellant did not respond within 15 days of the Acknowledgment Order, a Second Order to Respond issued. *Id.,* Tab 5. On September 16, 2010, the appellant filed a response stating that he will offer his response "during the MSPB hearing to be scheduled and as requested by the Appellant." *Id.,* Tab 8. An Order to Show Cause issued on September 16, 2010, advising the appellant that his response failed to address the Board's jurisdiction, and that unless he

made nonfrivolous allegations supporting the Board's jurisdiction over his appeal, no hearing would be convened. *Id.,* Tab 9. He was again ordered to address the Board's jurisdiction over his appeal, and provided further notice of the applicable law concerning the issue. *Id.* Prior to expiration of the Show Cause order, the appellant designated a representative, who in a status conference on September 21, 2010, requested an extension of time to submit a response on jurisdiction. *Id.,* Tabs 11, 12. The responses to the Order to Show Cause were rescheduled and the close of record was extended. *Id.,* Tab 12. Despite the extension of time, neither the appellant nor his representative made any further submission to the Board. The record in the appeal closed on October 20, 2010. *Id.*

Applicable Law

The Board's jurisdiction is not plenary; rather, it is limited to those matters over which the Board has been given jurisdiction by statute or regulation. *See* 5 U.S.C. § 7701(a); *Noguera v. Office of Personnel Management*, 878 F.2d 1422, 1424 (Fed. Cir. 1989). If the appellant makes nonfrivolous claims of Board jurisdiction, which, if proven, establish the Board's jurisdiction, then the appellant has a right to a hearing on the issue of jurisdiction. *Garcia v. Department of Homeland Security*, 437 F.3d at 1344. The appellant has the burden of proving by preponderant evidence[1] that the Board has jurisdiction over this appeal. *See* 5 C.F.R. § 1201.56(a).

An individual is entitled to appeal to the Board under 5 U.S.C. § 7513(d) if he is an "employee" as that term is defined at 5 U.S.C. § 7511(a), which provides, in pertinent part,

(1) "employee" means--

---

[1] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2).

(A) an individual in the competitive service--

(i) who is not serving a probationary or trial period under an initial appointment; or

(ii) who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less.

5 U.S.C. § 7511(a)(1)(A). In *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1342-43 (Fed. Cir. 2002), the Federal Circuit held that an individual who is excluded from "employee" status under 5 U.S.C. § 7511(a)(1)(A)(i) is nevertheless an "employee" if the individual meets the definition provided at 5 U.S.C. § 7511(a)(1)(A)(ii).

In other words, a competitive service employee serving a probationary period is nevertheless entitled to appeal to the Board if he "has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less." *See McCormick*, 307 F.3d at 1342-43. The Board has held that current continuous service need not be in the same or similar positions in order for an individual in the competitive service to qualify as an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii). *See Ellefson v. Department of the Army*, 98 M.S.P.R. 191, ¶ 14 (2005); *see also Samble v. Department of Defense*, 98 M.S.P.R. 502, ¶ 9 n.1 (2005). The Board has also held that, for competitive service employees, "current continuous service" means a period of employment or service immediately preceding an adverse action without a break in federal civilian employment of a workday. *See Ellefson*, 98 M.S.P.R. 191, ¶ 14; *Samble*, 98 M.S.P.R. 502, ¶ 9; *see also* 5 C.F.R. § 752.402(b).

Findings

It is undisputed in the record and I find the appellant was serving a one year probationary period under an initial appointment and that he was terminated during the one year period. The appellant stated in his Petition for Appeal that he has prior Federal service. *Id.,* Tab 1. The agency submitted multiple SF-50s

reflecting the appellant's prior Federal service. *Id.*, Tab 4, Subtabs 4h – 4r. The appellant was employed in a succession of temporary appointments with the agency as a Forestry Technician or Forestry Aid.[2] *Id.* I have carefully reviewed each of these appointments and find that each of them was a temporary appointment, not to exceed a term of 1 year. *Id.*, Tab 4, Subtab 4h. The appointment SF-50s contain language indicating the limited nature of the appointment, such as:

> TEMPORARY EMPLOYEES SERVE UNDER APPTS LIMITED TO 1 YEAR OR LESS & ARE SUBJECT TO TERMINATION AT ANY TIME W/O USE OF ADVERSE ACTION OR REDUCTION-IN-FORCE PROCEDURES. A TEMP APPT DOES NOT CONFER ELIGIBILITY TO BE PROMOTED OR REASSIGNED TO OTHER POSITIONS, OR THE ABILITY TO BE NONCOMPETITIVELY CONVERTED TO A CAREER CONDITIONAL APPOINTMENT.

*Id.* (emphasis as in original). Prior to the appointment at issue in this appeal, the appellant's most recent appointment ended on October 11, 2008. *Id.*, Tab 4, Subtabs 4h, 4i. I find that since his prior Federal service was in temporary appointments lasting less than a year, and the last of those ended several months prior to the appointment at issue in this appeal, his prior Federal service does not change my conclusion that he has failed to nonfrivolously allege that he is an employee under 5 U.S.C. § 7511(a)(1)(A)(i) or (ii). As the appellant was serving a one year probationary period at the time of his termination, and had not completed one year of current, continuous service under other than a temporary

---

[2] In *Sandoval v. Department of Agriculture*, 115 M.S.P.R. 71 (2010), the Board found that the positions of Forestry Aid and Forestry Technician may count toward completion of the probationary period where an appellant is entitled to "tack" his prior service because it was in the same agency, in the same line of work, and contains or is followed by a break in service that does not exceed 30 days. The Board found the positions were in the same line of work under 5 C.F.R. § 315.802(b)(2). Accordingly, Sandoval's service in the Forestry Aid position was tacked to his service in the Forestry Technician position, rendering him an employee under 5 U.S.C. § 7511(a)(1)(A)(i). 115 M.S.P.R. at 73-74.

appointment limited to one year or less, I find that he was not an "employee" as defined in 5 U.S.C. § 7511(a)(1)(A).

The Office of Personnel Management has by regulation created limited rights of appeal for probationary employees. Under 5 C.F.R. § 315.805, a probationary employee is entitled to certain due process protections when his termination is based on conditions arising before his appointment. I have reviewed the agency's termination letter, and find that all of the conduct alleged to justify his termination arose after his appointment. IAF, Tab 4, Subtab 4b. Also, a probationary employee may appeal a termination on the grounds that it was allegedly based on marital status or political affiliation. 5 C.F.R. § 315.806. The appellant has made no allegation that his termination was attended by marital status or political affiliation discrimination. Thus, the Board does not have jurisdiction over his appeal based on the regulatory remedies provided to certain probationary employees.

Having considered the entire record, I find that the appellant has not made nonfrivolous allegations which if true, would support the Board's jurisdiction over his appeal. Therefore, I find that the Board lacks jurisdiction over his appeal. Accordingly, the agency's motion to dismiss is GRANTED.

## DECISION

The appeal is DISMISSED.

FOR THE BOARD:

________________________________________
Grace B. Carter
Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on **January 13, 2011**, unless a petition for review is filed by that date or the Board reopens the case on its own

motion. This is an important date because it is usually the last day on which you can file a petition review within 30 days after the date you actually receive the initial decision. If you are represented, the 30-day period begins to run upon either your receipt of the initial decision or its receipt by your representative, whichever comes first. You must establish the date on which you or your representative received it. The date on which the initial decision becomes final also controls when you can file a petition for review with the Court of Appeals for the Federal Circuit. The paragraphs that follow tell you how and when to file with the Board or the federal court. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

**BOARD REVIEW**

You may request Board review of this initial decision by filing a petition for review. Your petition for review must state your objections to the initial decision, supported by references to applicable laws, regulations, and the record. You must file your petition with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.
Washington, DC 20419

A petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition for review submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

If you file a petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. Your petition must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you or your representative more than 5 days

after the date of issuance, 30 days after the date you or your representative actually received the initial decision, whichever was first. If you claim that you and your representative both received this decision more than 5 days after its issuance, you have the burden to prove to the Board the earlier date of receipt. You must also show that any delay in receiving the initial decision was not due to the deliberate evasion of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by fax or by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j). If the petition is filed electronically, the online process itself will serve the petition on other e-filers. *See* 5 C.F.R. § 1201.14(j)(1).

## JUDICIAL REVIEW

If you are dissatisfied with the Board's final decision, you may file a petition with:

The United States Court of Appeals
for the Federal Circuit
717 Madison Place, NW.
Washington, DC 20439

You may not file your petition with the court before this decision becomes final. To be timely, your petition must be received by the court no later than 60 calendar days after the date this initial decision becomes final.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703). You may read

this law, as well as review the Board's regulations and other related material, at our website, http://www.mspb.gov.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

# Exhibit C



United States Department of Agriculture
Forest Service
Washington Office Civil Rights Staff
Vallejo Service Center
1323 Club Drive
Vallejo, CA 94592
Tel: (707) 562-8653
Fax: (707) 562-8656

**File Code:** 1760-4
**Date:** December 3, 2010

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**
**7007 3020 0001 4224 8510**
**FS-2011-00092**

Mr. Mike Villalobos
2885 South Bradley Rd.
Santa Maria, CA 93454

Dear Mr. Villalobos:

On November 3, 2010, you initiated contact regarding issues of concern to you. Specifically, the issues discussed were termination. You alleged that this action is due all or in part because of your National Origin (Mexican).

If you believe you have been discriminated against on the basis of race, color, religion, sex, national origin, age, sexual orientation, marital status, physical or mental disability, political belief, parental status, genetic information, or that a reprisal action has been taken against you for an EEO related matter, you have the right to file a formal discrimination compliant with the Department of Agriculture within 15 calendar days from receipt of this notice. A complaint shall be deemed timely if it is received or postmarked before the expiration of the 15-day filing period, or, in the absence of a legible postmark, if it is received by mail within five days of the expiration of the filing period.

The complaint must be in writing and signed by you. It must be specific and contain only those issues either specifically discussed with me or issues that are like or related to the issues that you discussed with me. It must also state whether you have filed a grievance under a negotiated grievance procedure or an appeal to the Merit Systems Protection Board on the same claims. You may use the attached form to file your complaint. You may file your complaint with the USDA, Office of Adjudication and Compliance, Employment Complaints Division, Intake, Accept/Dismiss Branch:

**Via Overnight Mail and Certified Mail**
300 7th Street, SW
Room 640, Reporters Building
Washington, D.C. 20024

**Via Regular Mail**
1400 Independence Avenue, SW
Mail Stop Code 9440
Washington, DC 20250-9440

**Facsimile**: (202) 401-1138

 

If you retain an attorney or any other person to represent you, you or your representative must immediately notify the above office and the Agency, in writing. You and/or your representative will receive a written acknowledgment of your discrimination complaint from the above office.

Please refer to the information you were previously provided on your rights and responsibilities and the steps and time frames in the EEO complaint process. You may contact me if you have any questions about this notice, the informal counseling process, or the formal EEO complaint process.

Sincerely,

*/s/Joel Benavides*
Joel Benavides
EEO Counselor/Mediator
Vallejo Service Center

Enclosure  (Formal Complaint Form)

# Exhibit D



United States Department of Agriculture

Office of the Assistant Secretary for Civil Rights

Office of Adjudication

1400 Independence Avenue SW

Washington, DC 20250

**UNITED STATES DEPARTMENT OF AGRICULTURE**
**Office of Adjudication**

| | |
|---|---|
| Michael A. Villalobos, Complainant, v. Thomas J. Vilsack, Secretary, Department of Agriculture, Agency. | USDA Complaint No.: FS-2011-00092 |

**Final Agency Decision**

## Introduction

In accordance with the Equal Employment Opportunity Commission (EEOC) regulations at 29 C.F.R. §1614.107(a) and §1614.110(b), this is the final decision of the United States Department of Agriculture (USDA) on this complaint.

## Issues Presented

The Complainant alleges that the Agency subjected him to discrimination based on his national origin (Mexican), when on July 16, 2010, he was terminated from his GS-462-05, Forestry Technician position during his one year probationary period.

## Procedural Background

The Complainant served as a GS-462-05, Forestry Technician with the Forest Service (FS), in Los Padres National Forest, Santa Maria, California. On November 3, 2010, he initiated informal Equal Employment Opportunity (EEO) counseling to allege that he was discriminated against as set forth previously. The complaint was not resolved, and on December 3, 2010, the Complainant was issued a Notice of Right to File (NRF) a formal EEO complaint. A formal EEO complaint was timely filed via facsimile on December 14, 2010.

## Analysis and Findings

A key concept in civil rights regulations is the requirement that a complainant raise concerns about employment conditions or decisions in a timely manner. This permits the agency to quickly address problems before liabilities accrue, and while investigation of the facts may be accomplished. After the passage of time, documents may be destroyed, witnesses may retire or die, and memories may fade.

The EEOC regulation set forth at 29 C.F.R. § 1614.105(a)(1), states that an aggrieved person must initiate contact with an EEO Counselor within forty-five (45) days of the date of the matter alleged to be discriminatory or in the case of a personnel action, within forty-five (45) days of the effective date of the action. Furthermore, 29 C.F.R. § 1614.107(a)(2) indicates that an agency shall dismiss a complaint or a portion of a complaint that fails to comply with the applicable time limits. See Delong v. U.S. Postal Service, EEOC Appeal No. 01A41031 (March 3, 2004); Kelly v. U.S. Postal Service, EEOC Request No. 05A00985 (September 26, 2002).

Under 29 C.F.R. § 1614.105(a)(2), an agency shall extend the 45-day time limit when a complainant shows that he was not notified of the time limit and was not otherwise aware of it, that he did not know and reasonably should not have known that the discriminatory matter or personnel action occurred or that there existed circumstances beyond his control that prevented timely contact with a Counselor.

It is the EEOC's policy that constructive knowledge of the relevant time limit be imputed to an employee when an employer has fulfilled its obligation of informing employees of their rights and obligations under EEOC regulations. See Thompson v. Department of the Army, EEOC Request No. 05910474 (September 12, 1991).

In the instant case, the effective date of the termination was July 16, 2010. The Complainant should have contacted an EEO Counselor no later than August 30, 2010, in order to have been timely. The Complainant did not initiate EEO counseling until November 3, 2010, which is more than two (2) months beyond the 45-day time limit for doing so.

The Complainant provided several, and at times, conflicting reasons for his failure to make timely counselor contact. During EEO counseling, when asked why he contacted the EEO Counselor more than forty-five (45) days beyond the effective date of his termination, the Complainant responded that he neglected to read his July 13, 2010, termination letter, which detailed for him his rights under both EEOC regulations as well as of those of the Merit Systems Protection Board (MSPB). The letter specifically informed the Complainant of the time limits under both processes. Though he claimed never to have read the letter, the Complainant filed an appeal with the MSPB on August 13, 2010, and in his appeal form specifically disputed "the reasons stated in the Notice of Termination."[1]

When he filed his formal EEO complaint, the Complainant submitted a letter providing additional reason why the time limit for EEO Counselor contact should be extended, including "...medical restrictions and/or preventive measures [which] resulted in limited day to day activities" and because he failed to receive adequate assistance from his counsel during proceedings related to his MSPB appeal.

---

[1] The Complainant's MSPB appeal, SF-315H-10-0919-I-1, was dismissed on December 9, 2010, for lack of jurisdiction.

The Agency fulfilled its obligation of informing the Complainant of his rights when it included the pertinent information regarding the filing of an EEO complaint in the July 13, 2010, termination letter. The Complainant, therefore, had constructive knowledge about the forty-five (45) day time limit for initiating EEO Counselor contact. His contention that he failed to read the information provided does not fall within the circumstances warranting extension of the time limits provided in 29 C.F.R. § 1614.105(a)(2).

The Complainant's explanation that he was untimely in initiating EEO Counselor contact because a lack of effective counsel in his MSBP proceedings has no relationship to the question of whether he had the knowledge necessary to comply with forty-five (45) day time limit and is also beyond the exceptions in § 1614.105(a)(2).

Lastly, the Complainant's claim that "...medical restrictions and/or preventive measures [which] resulted in limited day to day activities" prevented him from timely initiating EEO Counselor contact also fails warrant extending the time limit provided for in 29 C.F.R. § 1614.105(a)(2). The EEOC has held that when a complainant claims that a physical condition prevents him from meeting a particular filing deadline, in order to justify an untimely filing, the complainant must be so incapacitated by the condition as to render him physically unable to make a timely filing. See Zelmer v. USPS, EEOC Request No. 05890164 (March 8, 1989). The same is true regarding claims of incapacity related to psychiatric or psychological conditions. See Crear v. USPS, EEOC Request No. 05920700 (October 29, 1992). The Complainant did not provide such evidence in support of his request to extend the forty-five (45) day deadline for contacting an EEO Counselor. None of the medical documentation he submitted would support a finding that he was incapacitated to the point that he could not have contacted an EEO Counselor.

This formal complaint is dismissed because the Complainant did not initiate informal EEO counseling within forty-five (45) days of the alleged discriminatory event. The Agency met its obligation of informing the Complainant of his rights under the EEOC's regulations, and the Complainant has not provided an adequate reason for his failure to timely initiate EEO counseling, which would justify the tolling of the time limit. The regulatory basis for this decision is found at 29 C.F.R. §§ 1614.105(a)(1)(2) and 1614.107(a)(2)

**Conclusion**

For the reasons set forth above, the complaint is dismissed in its entirety. Accordingly, no order of relief or corrective action is warranted in this matter.

**APPEAL RIGHTS**

**APPEAL TO THE EEOC**

A Notice of Appeal may be filed with the EEOC within thirty (30) calendar days after receipt of this final decision. EEOC Form 573, Notice of Appeal/Petition, should be used

in filing the appeal. The matter being appealed should be indicated in the form. A copy of EEOC Form 573 is provided with this decision. Such notice should be addressed to:

**Equal Employment Opportunity Commission**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

As an alternative to mailing, your appeal may be hand-delivered to:

**Equal Employment Opportunity Commission**
**Office of Federal Operations**
**131 M Street, NE**
**Fourth Floor, Suite 4NW02F**
**Washington, DC 20507-0100**

As an alternative, you may also send your appeal by fax to the Office of Federal Operations at **(202) 663-7022**.

If there is an attorney of record, the thirty (30) calendar day time limit within which to appeal shall be calculated from the date of receipt of this decision by the attorney. In all other cases, the thirty (30) calendar day time limit within which to appeal shall be calculated from the date of your receipt of this decision.

The appeal shall be deemed filed on the day it is postmarked, or in the absence of a postmark, on the date it is received by the EEOC.

At the same time information is provided to the EEOC (to include a copy of the Notice of Appeal and any submissions in support of the appeal), there **must** be a service certification that a copy of the submission **has been** submitted to the USDA/Office of Adjudication, Employment Complaints Division and the date and method of service.

A copy of the appeal and any submissions in support thereof shall be forwarded to the agency at the following address:

**U.S. Department of Agriculture**
**Office of Adjudication**
**Employment Complaints Division**
**1400 Independence Avenue, SW**
**Stop Code 9440**
**Washington, DC 20250-9440**

Please note that, if your appeal is not filed within the thirty (30) calendar day time limit, the appeal may be dismissed by the EEOC. However, the EEOC may, at its discretion, extend the time limits and accept the appeal based upon a written statement that there was no actual notification of the time limit, or that a timely Notice of Appeal could not be filed, due to extenuating circumstances.

Any statement or brief in support of your appeal must be submitted to the EEOC within thirty (30) calendar days of filing the Notice of Appeal. The EEOC, Office of Federal Operations accepts statements or briefs in support of appeals by facsimile transmittal, provided that they are no more than ten (10) pages long.

Any statement or brief in opposition to your appeal must be submitted to the EEOC and served on you (or your attorney of record, if represented by an attorney) within thirty (30) calendar days of receipt of the statement or brief supporting the appeal, or if no statement or brief supporting the appeal has been filed, within sixty (60) calendar days of receipt of the appeal.

It is the responsibility of USDA to submit the entire complaint file to the EEOC, Office of Federal Operations, within thirty (30) calendar days of initial notification that an appeal has been filed.

**CIVIL ACTION IN FEDERAL DISTRICT COURT**

You also have the right to file a civil action in an appropriate United States District Court. If you choose to file a civil action, you may do so:

(1) within ninety (90) days of receipt of this final decision if no appeal has been filed; or

(2) within ninety (90) days after receipt of the EEOC's final decision on appeal; or

(3) after one hundred and eighty (180) days from the date of filing an appeal with the EEOC if there has been no final decision by the EEOC.

You must name the person who is the official agency head or department head as the defendant. Agency or department means the national organization, and not just the local office, facility, or department in which you might work. Do not name just the agency or department. In your case, you **must** name **Thomas J. Vilsack, Secretary of Agriculture,** as the defendant. You must also state the official title of the agency head or department head. Failure to provide the name or official title of the agency head or department head may result in dismissal of your case.

If you decide to file a civil action, under Title VII or under the Rehabilitation Act, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action

without payment of fees, costs, or other security. The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action.

Both the request and civil action MUST BE FILED WITHIN NINETY (90) CALENDAR DAYS of the date you receive the final decision by USDA or an EEOC's decision on appeal.

Unless an appeal is filed with the EEOC, failure to file a civil action within ninety (90) calendar days may result in the dismissal of your civil action. Filing a civil action under 29 C.F.R. § 1614.407 or § 1614.408 shall terminate processing an appeal before the EEOC. If a civil action is filed subsequent to filing an appeal with the EEOC, the parties are requested to notify the EEOC in writing.

Carl-Martin Ruiz
Director
Office of Adjudication

3/21/2011
Date

**UNITED STATES DEPARTMENT OF AGRICULTURE**
**OFFICE OF ADJUDICATION**

**Complaint of Employment Discrimination**

**Complainant:** Michael A. Villalobos

**Complaint No.:** FS-2011-00092

**Agency:** Forest Service

**Certificate of Service**

I certify that the documents listed below were sent on this date by certified mail (unless otherwise specified) to:

| | |
|---|---|
| Complainant: | Michael A. Villalobos<br>2885 South Bradley Road<br>Santa Maria, California 93455 |
| Complainant's Representative: | Beth A. Stewart<br>929 East Hermosa Street<br>Santa Maria, California 93454 |
| Agency Head | Thomas Tidwell *(interoffice mail)*<br>Chief<br>Forest Service<br>4th Floor, NW Wing<br>Yates Building |
| Agency Liaison: | Deborah Muse *(interoffice mail)*<br>Director, Civil Rights Staff<br>Forest Service<br>4th Floor, SW Wing<br>Yates Building |

Enclosures: Final Decision dated 3/21/11
EEOC Form 573 (to the complainant and representative only)

Certified by: Generosa Adams Date: 3/22/11

7010 1670 0001 3891 8891

7010 1670 0001 3891 8907

# Exhibit E



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Michael A. Villalobos,
Complainant,

v.

Tom J. Vilsack,
Secretary,
Department of Agriculture,
(Forest Service),
Agency.

Appeal No. 0120112620

Agency No. FS-2011-00092

DECISION

Complainant filed a timely appeal with this Commission from the Agency's final decision dated March 21, 2011, dismissing a formal complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq.

BACKGROUND

During the period at issue, Complainant worked as a Forestry Technician at the Los Padres National Forest in Santa Maria, California. On December 14, 2010, Complainant filed a formal complaint alleging that the Agency subjected him to discrimination on the basis of national origin (Mexican).

In its final decision, the Agency determined that Complainant's formal complaint was comprised of the following claim:

> On July 16, 2010, he was terminated from his GS-462-05, Forestry Technician position during his one year probationary period.

The Agency dismissed Complainant's complaint on the grounds of untimely EEO Counselor contact. The Agency found that Complainant initiated EEO Counselor contact on November 3, 2010, outside of the applicable time period. The Agency stated that Complainant provided "conflicting reasons" for his untimely EEO contact. The Agency stated that during EEO

counseling,   Complainant asserted that he neglected to read his termination letter outlining his rights under the Merit Systems Protection Board (MSPB) and EEOC processes.

The Agency further stated that when Complainant filed his formal complaint, he provided other reasons for his untimely EEO contact.  Specifically, the Agency stated that Complainant asserted that he had medical restrictions and limited daily activities.  In addition, the Agency stated that Complainant asserted that his counsel failed to give him adequate assistance during the proceedings related to his MSPB appeal.[1]

The Agency found that Complainant's assertions that he was poorly represented in his MSPB proceedings and that he neglected to read his termination letter were insufficient justifications for waiving the applicable time limit.  In addition, the Agency found that the medical documentation that Complainant submitted did not establish that he was so incapacitated that he was unable to contact an EEO Counselor.

## CONTENTIONS ON APPEAL

On appeal, Complainant asserts that the Agency's final decision dismissing his complaint is improper.  Complainant reiterates that he was subjected to poor representation in the MSPB process.   In addition, Complainant asserts that he was incapacitated throughout these proceedings and that he was on some medications.  Complainant asserts that these medications have possible side effects.

## ANALYSIS AND FINDINGS

EEOC Regulation 29 C.F.R. § 1614.105(a)(1) requires that complaints of discrimination should be brought to the attention of the Equal Employment Opportunity Counselor within forty-five (45) days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within forty-five (45) days of the effective date of the action.   The Commission has adopted a "reasonable suspicion" standard (as opposed to a "supportive facts" standard) to determine when the forty-five (45) day limitation period is triggered. *See Howard v. Department of the Navy*, EEOC Request No. 05970852 (February 11, 1999).  Thus, the time limitation is not triggered until a complainant reasonably suspects discrimination, but before all the facts that support a charge of discrimination have become apparent.

---

[1] On  August 13, 2010, Complainant filed an appeal with the MSPB regarding his termination. See Villalobos v. Dep't of Agriculture, MSPB No. SF-315H-10-0919-I-1 (Dec. 9, 2010).  An MSPB Administrative Judge dismissed Complainant's MSPB appeal for lack of jurisdiction. Id.  The MSPB decision does not reflect that Complainant was alleging discrimination under a basis covered by the EEO process as part of his MSPB appeal.

EEOC Regulations provide that the agency or the Commission shall extend the time limits when the individual shows that he was not notified of the time limits and was not otherwise aware of them, that he did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he was prevented by circumstances beyond his control from contacting the Counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

The Agency properly dismissed Complainant's complaint on the grounds of untimely EEO Counselor contact. Complainant did not initiate EEO Counselor contact until November 3, 2010, beyond the applicable time limit. Regarding Complainant's assertions that he was not properly represented throughout the MSPB proceedings and that he neglected to read his termination letter, we concur with the Agency that these assertions are not adequate justification for waiving the applicable time limit.

While Complainant asserts that the time limit should be waived due to his medical condition, we have consistently held, in cases involving physical or mental health difficulties, that an extension is warranted only where an individual is so incapacitated by his condition that he is unable to meet the regulatory time limits. See Davis v. U.S. Postal Serv., EEOC Request No. 05980475 (Aug. 6, 1998); Crear v. U.S. Postal Serv., EEOC Request No. 05920700 (Oct. 29, 1992). Complainant states that he was on some medications and provides a computer print out of possible side effects associated with these medications. In addition, Complainant provides several Primary Treating Physician's Progress Report forms, prior to the date of his termination, indicating that a health care provider was placing him on modified duty. The above referenced documents are too general in nature to support a finding that Complainant was so incapacitated to render him unable to make a timely EEO contact.

## CONCLUSION

Accordingly, we AFFIRM the Agency's final decision dismissing Complainant's complaint for untimely EEO Counselor contact.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0610)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 77960, Washington, DC 20013. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint**.

RIGHT TO REQUEST COUNSEL (Z0610)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request from the Court that the Court appoint an attorney to represent you and that the Court also permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an

attorney with the Court does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

Carlton M. Hadden

Carlton M. Hadden, Director
Office of Federal Operations

OCT 03 2011

Date

**CASE NAME: Michael Villalobos v. Tom Vilsack, U.S. Department of Agriculture**
**United States District Court, Northern District of California**
**Case No. CV 12-00138-MJ**

**CERTIFICATE OF SERVICE**

I declare that I am a resident of the State of California, I am not a party to this action, I am over eighteen years of age, and I am employed in the County of San Francisco. My business address is 150 Post Street, Suite 742, San Francisco, CA 94108. On the date set forth below, I served the document(s) listed below in the manner described below:

**FIRST AMENDED COMPLAINT**

☒ **BY UNITED STATES MAIL (Fed. R. Civ. P. 5(b)(2)(C).).** I am personally familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, I placed the document(s) listed above for collection and mailing with postage fully pre-paid following ordinary business practices.

☐ **BY EXPRESS MAIL (Fed. R. Civ. P. 5(b)(2)(C).)**. I am personally familiar with the business practice for collection and processing of correspondence for overnight delivery. On this date, I placed the document(s) listed above for collection with an overnight delivery service following ordinary business practices and arranged for delivery on the next business day.

☐ **BY ELECTRONIC MAIL (Fed. R. Civ. P. 5(b)(2)(E).)**. Based on a court order or by agreement of the parties to accept service by electronic mail ("e-mail") or electronic transmission, I caused the document(s) listed above to be transmitted to the addressee(s) listed below.

☐ **BY MESSENGER SERVICE Fed. R. Civ. P. 5(b)(2)(B).)** I caused the document(s) listed above to be given to an authorized courier or messenger service for delivery by hand to the addressee(s) listed below.

☐ **ELECTRONIC COURT FILING (Fed. R. Civ. P. 5(d)(3).)** I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys denoted on the Court's Electronic Mail Notice List. I hereby certify that I have caused this document to be mailed by the United States Postal Service and/or faxed to the non-CM/ECF participants listed on the attached Manual Notice Service List.

on the following party(ies) in this matter:

Ann Reding
Assistant United States Attorney
450 Golden Gate, Box 36055
San Francisco CA 94102

Attorney for DEFENDANT
TOM VILSACK, SECRETARY, U.S.
DEPARTMENT OF AGRICULTURE

I declare under penalty of perjury under the laws of the State of California that the information in this declaration is true and correct.

Executed on July 31, 2012, in the City and County of San Francisco, California.

/S/
Sandy Lam



THE ERLICH LAW FIRM
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420